# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXELTIS USA DERMATOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACELLA PHARMACEUTICALS, LLC, <br><br> Defendant. | Civil Action No. 2:15-cv-07446-ES-MAH <br><br><br><br> *(Document Filed Electronically)* |

---

## REPLY MEMORANDUM OF DEFENDANT
## ACELLA PHARMACEUTICALS, LLC IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

**FOX ROTHSCHILD LLP**
Christopher R. Kinkade
Corinne L. McCann
Steven J. Daroci
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08648
609-896-3600

*Attorneys for Defendant*
*Acella Pharmaceuticals LLC*

**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
Neil C. Jones (*pro hac vice*)
Ashley B. Summer (*pro hac vice*)
Poinsett Plaza, Suite 900
104 South Main Street
Greenville, South Carolina 29601
864-250-2300

*Of Counsel to Defendant*
*Acella Pharmaceuticals LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

1.   Exeltis Has Not Substantively Addressed the Deficiencies of Its
     Claims........................................................................................ 2

2.   Exeltis Incorrectly Argues That Its Published Patent Documents
     Cannot Be Considered ................................................................ 4

3.   Trade Secret Claims Are Not Immune From Dismissal..................... 6

4.   There is No Factual Dispute and There is No Plausible Claim .......... 10

5.   Acella Has Set Forth the Proper Legal Standard that Remains
     Unmet By Exeltis ........................................................................ 11

6.   Exeltis Has Not Pled Reasonable Efforts to Maintain Secrecy .......... 12

7.   Exeltis Has Not Adequately Pled Misappropriation ......................... 13

8.   Exeltis's Remaining Claims Are Equally Implausible ...................... 14

Conclusion.......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accent Packaging, Inc. v. Leggett & Platt, Inc.*,
  707 F.3d 1318 (Fed. Cir. 2013) ................................................................7, 8

*Alexander Interactive, Inc. v. Leisure Pro Ltd.*,
  2014 WL 4651942 (S.D.N.Y. Sept. 16, 2014) ..................................................9

*Aronson v. Quick Point Pencil Co.*,
  440 U.S. 257 (1979) ........................................................................................2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................. 6, 7, 10, 13

*Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*,
  1 F. Supp. 3d 224 (S.D.N.Y. 2014), *aff'd sub nom.* 610 F. App'x
  69 (2d Cir. 2015) ..........................................................................................8

*Blake v. Prof'l Coin Grading Serv.*,
  898 F. Supp. 2d 365 (D. Mass. 2012) ..........................................................8, 9

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
  489 U.S. 141 (1989) ........................................................................................2

*Conley v. Gibson*,
  355 U.S. 41 (1957) ........................................................................................11

*Delaware Nation v. Pennsylvania*,
  446 F.3d 410 (3d Cir. 2006) ............................................................................5

*Intertek USA, Inc. v. Caribbean Petro. Corp.*,
  580 Fed. Appx. 82 (3d Cir. 2014) ....................................................................4

*In re Lipitor Antitrust Litig.*,
  2013 WL 4780496 (D.N.J. Sept. 5, 2013) ........................................................4

*On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*,
  386 F.3d 1133 (Fed. Cir. 2004) ......................................................................2

*Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ..............................................................................4

*Reckitt Benckiser Inc. v. Tris Pharma, Inc.*,
   2011 WL 773034 (D.N.J. 2011) ...................................................................4, 6, 7

*Vital State Canada, Ltd. v. Dreampak, LLC*,
   303 F. Supp. 2d 516 (D.N.J. 2003) .....................................................................2

**Statutes**

35 U.S.C. § 122 ......................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................5

## MEMORANDUM OF LAW

In its response to Acella's motion to dismiss, Exeltis has made no attempt whatsoever to counter Acella's argument or showing that its alleged trade secrets have been publicly disclosed in its patent publications going back as far as 1999 or that those patent filings include admissions that the alleged trade secrets would be "be obvious to those of ordinary skill in the art."  In response, Exeltis said nothing, preferring to ignore its own glaring admission that its alleged trade secretes are quite unambiguously public information and otherwise "obvious to those of ordinary skill in the art."  Instead, Exeltis desperately attempts to argue that its patent documents should not be considered, and then argues that trade secret claims, by their nature, are generally immune from dismissal on the pleadings. Exeltis' position, however, both logically specious and contravenes well-established case law.

Here, there is no "factual dispute" that Exeltis had publicly disclosed its alleged "trade secret" information and otherwise admitted that those trade secrets were readily ascertainable to a person of skill in the art.  There is no dispute that such publicly or readily available information does not *legally* qualify as a trade secret.  Absent any plausible trade secret, there can be no plausible trade secret misappropriation claim.  As such, this case must be dismissed.

### 1. Exeltis Has Not Substantively Addressed the Lethal Deficiencies of Its Claims

In dismissing Exeltis' first attempt at a complaint, the Court sternly cautioned that "in opposition to any such future motion [to dismiss] by Acella, the Court expects that Exeltis will endeavor to articulate how its allegations satisfy each element of each asserted cause of action." Memorandum Opinion at 11 (Dkt. No. 27). With its current response, Exeltis has disregarded that warning. Instead, despite knowing Acella's arguments that Exeltis' alleged trade secrets were disclosed in its own publicly-available patents and patent applications, Exeltis entirely fails to substantively address whether those patent documents disclose the alleged trade secrets. At no point does Exeltis discuss how any of the alleged trade secrets are absent from its patent publications cited by Acella or dispute its admissions in those documents that the alleged trade secret information would "be obvious to those of ordinary skill in the art." This silence is telling and, particularly in light of the Court's warning, leaves these issues undisputed and ripe for decision.

Exeltis also does not, and cannot, dispute the long-established principle that "ideas in the public domain remain there for the free use of the public." *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979); *see also Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989) (explaining that "[o]nce an inventor has decided to lift the veil of secrecy from his work, he must choose the

2

protection of a federal patent or the dedication of his idea to the public at large"). This principle recognizes that patent publications divest one of trade secret protection. *E.g., On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1141 (Fed. Cir. 2004) (providing that information contained in published patent disclosures "is ordinarily regarded as public and not subject to protection as a trade secret"); *Vital State Canada, Ltd. v. Dreampak, LLC*, 303 F. Supp. 2d 516, 525 (D.N.J. 2003) (explaining that, "whatever the trade secret status of the four potential trade secrets may have been prior to April 3, 2003, the publication of the patent applications on this date disclosed the information to the public"). Indeed, as set forth in Acella's opening memorandum, such "secrecy" is a required element of each trade secret claim asserted by Exeltis. *See* Acella Mem. at 5 (stating the elements for each trade secret claim).

Exeltis bare assertion that "trade secrets exist" fail to satisfy the minimal pleading requirements. It certainly has not explained or set forth any facts as to why its patent disclosures do not destroy any otherwise-available protection for its alleged trade secrets. Nor has Exeltis alleged any facts that if proven, would demonstrate the level of secrecy necessary to establish a trade secret in the first instance. As set forth below, in light of the properly-considered patent documents that Exeltis has failed to address, Exeltis failed to state any plausible claims for trade secret violations and dismissal is warranted.

**2. Exeltis Incorrectly Argues That Its Published Patent Documents Cannot Be Considered**

In lieu of addressing the substantive merits of its deficiently-pled claims and the patent documents in response to Acella's arguments, Exeltis argues that the patent publications cannot be considered here because they did not allege them in the amended complaint.  Therefore, Exeltis says that the documents are not part of the record that may be considered in determining a motion to dismiss.  Exeltis' attack on the consideration of the patent publications could result in this matter continuing blindly at great and unnecessary expense to Acella even though the patent documents are a matter of public record and are ripe for consideration in this motion.  Exeltis' attempt to avoid public record documents, unlike evidence that is discovered later during a litigation, lacks both logic and legal support.

In particular, the Third Circuit has repeatedly recognized that, in deciding a motion to dismiss, courts may consider matters of public record, exhibits attached to the complaint, and undisputedly authentic documents attached to the motion. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *accord Intertek USA, Inc. v. Caribbean Petro. Corp.*, 580 Fed. Appx. 82, 89 (3d Cir. 2014) (explaining that "it has long been the rule of our Circuit that when a complaint relies on indisputably authentic documents and public records, examination of those documents and records is proper when considering a motion to dismiss").  Even Exeltis' own cases state precisely the

same rule. *E.g., Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, 2011 WL 773034, at *3 (D.N.J. 2011) (cited by Exeltis and acknowledging that, "[i]n evaluating a motion to dismiss, a court may consider only the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based on those documents").

Here, Exeltis' own patent documents, published pursuant to statute by the United States Patent and Trademark Office, are documents that are properly considered as being a matter of public record. *See In re Lipitor Antitrust Litig.*, 2013 WL 4780496, at *1 (D.N.J. Sept. 5, 2013) (explaining that, in deciding a motion to dismiss, "[a] court may also properly look at public records, including judicial proceedings, the relevant patents and the patents' prosecution histories") (citations omitted); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 414 (3d Cir. 2006) (considering, in deciding a motion to dismiss, meeting minutes that were "compiled and printed pursuant to Pennsylvania law as public record"). Patents and published patent applications are unequivocally public documents and there is no question about the authenticity of the documents in this case. *See* 35 U.S.C. § 122 (providing for the publication of patent applications). The patent publications are staring Exeltis right in the face with clear evidence of the lack of any trade secret support and Exeltis entirely avoids discussing their content. That cannot be countenanced.

### 3.  Trade Secret Claims Are Not Immune From Dismissal

Presumably recognizing the destructive impact of the patent publications on its claims, Exeltis also attempts to argue that trade secret cases are generally immune from dismissal.  *See* Response at 15 (arguing that, "[a]s a matter of general practice, courts in this District have repeatedly denied Rule 12(b)(6) motions where disputed trade secret claims, as presented in the instant case, were involved").  That argument for a general standard against dismissal is meritless and contravenes the context-specific analysis mandated by the Supreme Court.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that determining "a plausible claim for relief will . . . be a *context-specific task* that requires the reviewing court to draw on its judicial experience and common sense") (emphasis added).

Attempting to support its argument, Exeltis cites to several cases in which courts did not dismiss trade secret claims.  However, those cases do not stand for the general proposition advanced by Exeltis that dismissal of trade secret cases is precluded in all circumstances.  Although the context of those cases may have precluded dismissal, Exeltis has not explained how they were analogous to the current case in which Exeltis has indisputably disclosed its alleged trade secrets in official, public documents.

The only case discussed in any detail by Exeltis is *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, 2011 WL 773034 (D.N.J. 2011), which is readily distinguished. In that case, the defendant argued that the plaintiff's patent documents disclosed the alleged trade secrets such that the trade secret misappropriation claim should be dismissed.  However, that case does not deviate from the requirement of a context-specific inquiry.   In particular, unlike Exeltis' allegations, the court in *Reckitt Benckiser* observed that, "to the extent that Defendants suggest that Plaintiffs are required to plead factual information above and beyond the information contained in the Patent, i.e., public information, to set forth an allegation that can be understood to constitute a trade secret, Plaintiff's Complaint specifically alleges that the trade secrets comprise the manufacturing process, the drug formulation *and, more importantly, 'other private information concerning Delsym® and related research and development*.'"  *Id.* at *4 (emphasis added).  Unlike in the *context* of that case, Exeltis here does not even allege that "other private information" not found in its patents (or admittedly readily ascertainable therefrom) forms the basis of its trade secrets.  Without at least that minimalistic identification of the non-public (i.e., "private") information that is supposedly "secret," Exeltis' amended complaint cannot withstand scrutiny.  *See Iqbal*, 556 U.S. at 679 (explaining that motions to dismiss require involve a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense").

Moreover, other cases ignored by Exeltis make clear that trade secret cases may be properly dismissed as implausible.  For example, in *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318 (Fed. Cir. 2013), the trade secret claimant alleged that its products were covered by certain patents.  In affirming the lack of any plausible claim, the Federal Circuit explained that, "*[a]s a matter of law*, any specifications and tolerances disclosed in or ascertainable form the asserted patents became publicly available in October 2005 when the [relevant] patent application was published and, as such, could not constitute a trade secret in early 2006 when [the defendant] is alleged to have engaged in misappropriation."  *Id.* at 1329-30 (emphasis added).  Similarly, Exeltis' patent publications equally divest Exeltis of any trade secrets to support a plausible claim.[1]

Other cases have equally recognized that trade secret claims may be dismissed at the pleading when plausible trade secrets have not been asserted.  For example, in *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp.

---

[1] Acella readily acknowledges that *Accent Packaging* affirmed a summary judgment and was not in the context of a motion to dismiss.  However, that distinction bears no significance in this context.  Notably, the court explained that the claim failed "as a matter of law" in light of the undisputed content of the patent documents.  In the same manner, the outcome is equally applicable in this context as evidenced by the remaining cases discussed below that were dismissed on the pleadings.

3d 224, 267 (S.D.N.Y. 2014), *aff'd sub nom.* 610 F. App'x 69 (2d Cir. 2015), the Court, in granting summary judgment, explained that while it "is mindful that the "'existence of a trade secret is a question of fact,'" the undisputed facts evidenced that the asserted information was not a trade secret because "it was disclosed to over 16 different third parties and published by Visaria in a 2009 Indian patent application." *Id.* at 267 (explaining that "in some situations, like here, whether or not information is a trade secret 'may be evident from the pleadings or facts') (quoting *Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 575, 607 (S.D.N.Y. 2004); *see also* Bear, Stearns Funding, Inc. v. Interface Group -- Nev., Inc., 361 F. Supp. 2d 283, 305 (S.D.N.Y. 2005) (applying the same logic in granting a Rule 12(b)(6) motion).

Similarly, in *Blake v. Prof'l Coin Grading Serv.*, 898 F. Supp. 2d 365 (D. Mass. 2012), the court explained that the claimant "has to do more than simply invoke the label 'confidential information,'" and dismissed the claim because the alleged information was "in the public domain [including in published patent filings] and commonly used in the coin grading industry." *Id.* at 378-79.  In reaching its conclusion, the court explained that "to the extent [the claimant] filed a patent application [for its system], it cannot claim that it was confidential information as of the date of the patent publication." *Id.* at 380; *see also id.* (explaining that because the information "was readily known or knowable to the

Defendants because [the claimant] voluntarily disseminated the information"); *accord Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014) (dismissing a trade secret claim when the context indicated that the alleged trade secret had been disclosed).

Thus, Exeltis' attempt to create a general, all-purpose rule against dismissal of trade secret claims conveniently and improperly ignores the requirement that the context of the claim be considered.

### 4. There is No Factual Dispute and There is No Plausible Claim

Although Exeltis attempts to vaguely argue that there is some factual dispute over the secrecy that precludes dismissal of its claims, no such dispute exists. There is no "factual" dispute over what the express language of those patent publications provide, and Exeltis has not disputed the content of those documents. It has not even attempted to argue anything substantively regarding the content of those patent publications. *See* Response at 13 (providing only a conclusory and unexplained statement that Acella's arguments "are incorrect"). Moreover, Exeltis' suggestion that the Court should not weigh the evidence, *see* Response at 13, is misguided and fails to appreciate that *there is no evidence to weigh*. The only evidence here is the properly-considered, publicly-available patent documents that Exeltis has failed to address and that are clear on their face.

### 5. Acella Has Set Forth the Proper Legal Standard that Remains Unmet By Exeltis

Exeltis' last attempt to avoid dismissal is to suggest that Acella is invoking a requirement that a claim is "probable," as opposed to merely "plausible," to survive dismissal.  That argument is incorrect.  Instead, as set forth in Acella's opening memorandum, Exeltis' amended complaint fails to state a *plausible* claim in light of all of the properly-considered documents and the lack of any substantive challenge to those documents by Exeltis.  Indeed, Acella readily acknowledges that the Supreme Court has made clear that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . ."  *Iqbal*, 556 U.S. at 678.

However, the plausibility standard is not itself without teeth.  Under that standard, "[w]here [the] complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).  Here, by not pleading any information that is actually secret, as set forth above and as unrefuted by Exeltis, Exeltis has not alleged any *legally* plausible claim.

In effect, Exeltis' arguments seek to have this Court revert to the pre-*Twombly* standard that allowed a case to proceed unless "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Under current jurisprudence, more is required in the nature of a plausibly-pled claim in order for a case to proceed and, under this correct and current standard, Exeltis' pleading fails.

### 6.  Exeltis Has Not Pled Reasonable Efforts to Maintain Secrecy

A trade secret claim also requires that the trade secret owner took reasonable measures to maintain the secrecy of the information.  In its response, the allegations cited by Exeltis for its efforts are as follows:

- Exeltis and Acella are competitors for prescription-only dermatological products. (Am. Compl., ¶ 28).

- Defendant signed a rebranding and distribution agreement with Exeltis (see Section 6.1 thereof) that contains an explicit confidentiality clause prohibiting defendant from using any of Exeltis' confidential information, other than for the purposes of the agreement. (Am. Compl., ¶¶ 32-33). Defendant reaffirmed the confidentiality clause when it signed two amendments to the original agreement. (Am. Compl., ¶¶ 30-31; *see also* Exhibits B-D).

- Acella knew or had reason to know that the information obtained by it during the audit, including the Proprietary Information, constituted the proprietary and confidential information of Quinnova. (Am. Compl., ¶¶ 34-36).

Response at 17.

Notably, Exeltis makes ***no allegations*** of how it attempted (particularly in light of its published patent documents) to keep the secret from the <u>public at large</u> or even from the manufacturer it used to make its products.  Instead, the allegations

cited above simply allege how Exeltis had a confidentiality clause with Acella. Notably, Exeltis has not asserted a breach of contract action and, in the trade secret context it must allege how it kept the information generally secret – not just secret with respect to Acella.  Thus, although Exeltis argues that the *reasonableness* of its measures is a factual inquiry not appropriate at the dismissal stage, here it is the *entire lack of* any factual allegations of such efforts (and not their adequacy) that require dismissal.

### 7.  Exeltis Has Not Adequately Pled Misappropriation

Although Exeltis' claims cannot survive dismissal for all of the reasons above, Exeltis has also failed to plausibly allege misappropriation.  While Exeltis has alleged facts under which it is *possible* that information was misappropriated, it has not alleged that such alleged misappropriation was plausible.  The Supreme Court has made clear that allegations that are *merely consistent with* a defendant's liability are insufficient because they fall "short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (2007)).[2]  In determining if allegations state merely a possible claim or a plausible claim, courts may consider alternative explanations for the alleged misconduct.   *See Twombly*, 550 U.S. at 567-68 (considering "an obvious alternative explanation" for the alleged conduct).

---

[2] To be clear, Acella denies that there are any protectable trade secrets and further denies any acts of misappropriation.

Here, especially in light of the published patent documents, the allegations do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (2007) or "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.  Moreover, although Exeltis suggests that it pled that Acella had an early entry to market, citing paragraphs 39 and 43, the conclusory allegations in that paragraph make no allegation of how quickly Acella entered the market and do not suggest that there was misappropriation.  As such, absent a plausible claim for misappropriation, dismissal is further warranted this ground.

### 8.  Exeltis' Remaining Claims Are Equally Implausible

Because Exeltis' additional claims for intentional interference with contractual relations and unjust enrichment are all dependent upon the existence of a trade secret, those claims must also fail in the absence of a plausible trade secret.

## <u>Conclusion</u>

Exeltis has now filed two complaints and has been warned by the Court that it should not again attempt to ignore issues raised in Acella's motions.  Despite that warning, Exeltis fails to address the reality that its alleged trade "secrets" simply do not legally rise to the level of trade secret protection.  Furthermore, Exeltis' arguments that the patent documents should not be considered and that trade secret claims are immune from dismissal are entirely incorrect.  The patent documents are

14

properly considered, disclose the alleged trade secret information and/or admit that it is readily ascertainable, and have not been substantively contested.  In such contexts, the relevant precedent requires dismissal.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:   s/ Christopher R. Kinkade
Christopher R. Kinkade
Corinne L. McCann
Steven J. Daroci
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08648
609-896-3600

*Attorneys for Defendant*
*Acella Pharmaceuticals LLC*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Neil C. Jones (admitted pro hac vice)
Ashley B. Summer (admitted pro hac vice)
Poinsett Plaza, Suite 900
104 South Main Street
Greenville, South Carolina 29601
864-250-2300

*Of Counsel to Defendant*
*Acella Pharmaceuticals LLC*